Eastern District of Kentucky
FILED
MAR 13 2019
AT ASHLAND
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
at LONDON

Civil Action No. 18-48-HRW

BYRD HENSLEY,                                                                         PLAINTIFF,

v.               **MEMORANDUM OPINION AND ORDER**

NANCY A. BERRYHILL,
ACTING COMMISSIONER OF SOCIAL SECURITY,            DEFENDANT.

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for disability insurance benefits. The Court having reviewed the record in this case and the dispositive motions filed by the parties, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

### I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed his current application for disability insurance benefits in May 2014, alleging disability beginning on September 3, 2010, due to sleep apnea, diabetes, obesity, high blood pressure and "nerves" (Tr. 231). This application was denied initially and on reconsideration. Thereafter, upon request by Plaintiff, an administrative hearing was conducted by Administrative Law Judge Diana Erickson (hereinafter "ALJ"), wherein Plaintiff, accompanied by counsel, testified. At the hearing, Jennifer Ruhnkle, a vocational expert (hereinafter "VE"), also testified.

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

Step 1: If the claimant is performing substantial gainful work, he is not disabled.

Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).

Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.

Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.

Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

The ALJ issued a decision finding that Plaintiff was not disabled. Plaintiff was 46 years old when he alleged he became disabled and 47 years old when his insured status for disability insurance benefits expired in December 2015. Plaintiff must establish that his disability began before his insured status expired; therefore, the time period at issue is between May 2014 and December 2015. 20 C.F.R. § 404.131(a) & (b).

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of disability through his date last insured (Tr. 31).

The ALJ then determined, at Step 2, that Plaintiff suffers from obstructive sleep apnea, diabetes mellitus, obesity, dysthymic disorder and depressive disorder, which he found to be "severe" within the meaning of the Regulations (Tr. 31-32).

At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments (Tr. 32-34).

The ALJ further found that Plaintiff could not return to his past relevant work as a truck driver (Tr. 40) but determined that he has the residual functional capacity ("RFC") to perform light work, as defined in 20 C.F.R. § 404.1567(b), with the following exceptions: he could occasionally climb ladders, ropes, and scaffolds; frequently stoop, balance, kneel, crouch, crawl, and use ramps and stairs; frequently be exposed to extreme heat, wetness, humidity, and hazards; and work in an environment with few changes and only occasional contact with the general public (Tr. 34).

The ALJ finally concluded that these jobs exist in significant numbers in the national and regional economies, as identified by the VE (Tr. 40).

Accordingly, the ALJ found Plaintiff not to be disabled at Step 5 of the sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner. Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment and this matter is ripe for decision.

## II. ANALYSIS

### A. Standard of Review

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a

3

whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

### B. Plaintiff's Contentions on Appeal

Plaintiff contends that the ALJ's finding of no disability is erroneous because: (1) the ALJ did not properly evaluate his subjective complaints of disabling symptoms and (2) the ALJ did not properly weigh the opinion of consultative psychologist, William Rigby, Ph.D.

### C. Analysis of Contentions on Appeal

Plaintiff's first claim of error is that the ALJ did not properly evaluate his subjective complaints of disabling symptoms.

It is well established that as the "ALJ has the opportunity to observe the demeanor of a witness, his conclusions with respect to credibility should not be discarded lightly and should be accorded deference." *Hardaway v. Secretary of Health and Human Services*, 823 F.2d 922, 928 (6th Cir. 1987). In this case, the ALJ found Plaintiff's "statements concerning the intensity, persistence and limiting effects of his symptoms are not entirely consistent with the medical

4

evidence and other evidence in the record" (Tr. 35). Subjective claims of disabling pain must be supported by objective medical evidence. *Duncan v. Secretary of Health and Human Services*, 801 F.2d 847, 852-853 (6th Cir. 1986).

In support of his argument, Plaintiff cites only to his testimony at the administrative hearing. However, as Defendant points out, Plaintiff's testimony regarding his symptoms does not pertain to the period being adjudicated, to-wit, May 2014 through December 2015. Although Plaintiff testified about problems with his back, hip, and leg, by his own admission, these problems had started "just the other day" (relative to the December 2016 hearing) (Tr. 74). Further, Plaintiff responded to questioning about how long he could stand, sit, and walk, but did not purport to describe his capabilities during the relevant period (Tr. 74-75). At the hearing, Plaintiff also described diabetes and high blood pressure symptoms that he had not reported to his providers, and, at times, had specifically denied, during the relevant period, such as foot pain, vision problems, and headaches (Tr. 75).

Based upon the record, Plaintiff's subjective complaints do not pass *Duncan* muster as they are irrelevant to the time period before this Court.

Plaintiff's second claim of error is that the ALJ's consideration of consultative examiner Rigby's findings was insufficient.

When evaluating medical opinions, an ALJ considers numerous factors, including whether the physician examined the claimant, whether the doctor treated the claimant, the evidence the doctor presents to support his or her opinion, whether the doctor's opinion is consistent with the record as a whole, and the doctor's specialty. 20 C.F.R. § 416.927( c).

Generally, a treating physician's opinion is entitled to more weight and an ALJ must give

5

specific reasons for discounting the opinion. 20 C.F.R. §§ 416.902, 416.927(c)(2); *See also, Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 376 (6th Cir. 2013). A consultative physician's opinion, however, is not entitled to any special deference or consideration. *Smith v. Comm'r of Soc. Sec.*, 482 F.3d 873, 876 (6th Cir. 2007).

An ALJ may discount a physician's opinion, treating or otherwise, when the physician does not provide objective medical evidence to support his or her opinion or if the doctor's opinion is inconsistent with the record as a whole. 20 C.F.R. § 416.927(c). In addition, although a physician's opinion about what a claimant can still do or the claimant's restrictions may be relevant evidence, such opinions are not determinative because the ALJ has the responsibility of assessing the claimant's RFC. 20 C.F.R. §§ 416.912(b)(2), 416.913(b)(6), 416.927(d)(2), 416.945(a)(3), 416.946(c).

In November 2013, Plaintiff was examined by psychologist William Rigby, Ph.D., in connection with an earlier disability claim (Tr. 322-28). During the examination, Plaintiff claimed to experience suicidal thoughts, anger issues, psychotic thoughts, and depression (Tr. 322). Dr. Rigby observed that Plaintiff was extremely obese and had a slow gait (Tr. 323). Dr. Rigby noted Plaintiff was fully alert and oriented, appeared to be of average intelligence, had a moderately depressed mood, reported daily sleep disturbances and an inability to control his eating, and claimed to have problems with his temper and getting along with family and friends (Tr. 323-24). Plaintiff had an intact short- and long-term memory, and Dr. Rigby noted that there was no evidence of psychosis (Tr. 324). Dr. Rigby diagnosed a depressive disorder and assessed a global assessment of functioning (GAF) score of 65 (Tr. 327).

In discussing Dr. Rigby's opinion, the ALJ noted that he examined Plaintiff before the

relevant period began. The ALJ noted Dr. Rigby's opinion that Plaintiff had a moderate-to-severe limitation in his ability to maintain social interaction and a marked impairment in his ability to adapt and responds to normal day-to-day work pressures (Tr. 327). The ALJ gave this opinion "some weight" but did not adopt it in its entirety, finding it to be inconsistent with both his examination findings and the record as a whole. The ALJ stated that Plaintiff did have moderate limitations in social interaction, recognizing that Plaintiff reported some difficulty with anger and getting along with others (Tr. 39). Yet, the ALJ also noted that Dr. Rigby found Plaintiff to be cooperative, very pleasant, of at least average intelligence, and friendly (Tr. 39; *see* Tr. 323-24). The ALJ also noted that Plaintiff's concentration, attention, and memory were intact, as noted by both Dr. Rigby and other providers whose notes are in the record. It is clear from the hearing decision that the ALJ thoroughly discussed Dr. Rigby's opinion and gave valid, well-supported reasons for the weight she gave it.

Plaintiff does not challenge the ALJ's stated reasons for discounting Dr. Rigby's opinion; instead, he contends that the ALJ "did not take these uncontradicted opinions . . . into account" (Pl.'s Br. 10). Plaintiff misconstrues what the law requires. The ALJ was under no obligation to accept Dr. Rigby's opinion wholesale, given that it lacked support in both his examination findings and the rest of the record. Instead, she had to provide "good reasons" for the treatment she gave to the opinion, a standard which she more than satisfied. *See Stiltner v. Comm'r of Soc. Sec.*, 244 F. App'x 685, 690 (6th Cir. 2007) ("[T]he ALJ detailed at substantial length why he found [a medical opinion] lacking compared with the other evidence. This is all that we require . . . ."). The Court finds no error in this regard.

7

### III. CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the record. Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**. A judgment in favor of the Defendant will be entered contemporaneously herewith.

March 13, 2019.

Signed By:
*Henry R. Wilholt, Jr.*
United States District Judge